Filed 10/18/22  P. v. Muhammad CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079287 |
| v. | (Super.Ct.No. RIF1770138) |
| FARD MUHAMMAD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Louis R. Hanoian, Judge. (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Fard Muhammad, in pro. per.; and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Fard Muhammad appeals from the trial court's denial of his petition under former section 1170.95 (now section 1172.6) of the Penal Code. (Undesignated statutory references are to this code.) We affirm.

BACKGROUND

In 2018, a jury convicted Muhammad and a codefendant of premeditated first degree murder (§ 187, subd. (a)), active participation in a criminal street gang (§ 186.22, subd. (a)), and possession of a firearm by a prohibited person (§§ 29800, subd. (a)(1), 29805). (*People v. Eugene* (Dec. 14, 2020, E07456) [nonpub. opn.] (*Eugene*).) The jury also found true firearm and gang enhancement allegations as to the murder conviction. (§§ 186.22, subd. (b)(1), 12022.53, subds. (d), (e); *Eugene*, *supra*, E070456.) The victim was shot by a single bullet from a medium caliber weapon. (*Eugene*, E070456.) Defendants both fired medium caliber weapons in the victim's direction. (*Ibid.*) Because a single unidentified bullet from a medium caliber weapon killed the victim and the guns used by defendants were both medium caliber weapons, the prosecutor argued that either Muhammad or his codefendant could have been the actual killer, with the other liable as an aider and abettor. (*Ibid.*) We affirmed the murder convictions. (*Ibid.*)

In 2022, Muhammad petitioned for resentencing under former section 1170.95 (now section 1172.6), arguing that he was entitled to relief because of "the evidence presented during trial which did not identify [Muhammad] as the actual killer, but as a principal to the crime." At the hearing on the petition, the prosecutor argued that the record of conviction demonstrated that Muhammad and his codefendant were both

2

shooters and that no "instructions were given on natural or probable consequences or felony murder," so Muhammad was ineligible for relief as a matter of law. Appointed defense counsel submitted that the facts presented by the prosecutor were true. The trial court denied the petition because it found that Muhammad was an actual shooter.

## DISCUSSION

We appointed counsel to represent Muhammad on appeal, and counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, asking us to conduct an independent review of the record.

After defense counsel filed the *Wende* brief, we advised Muhammad that he could file a personal supplemental brief, which he did. Muhammad argues that he is entitled to relief under section 1172.6 because he was convicted of murder as being "vicariously liable under the theory [of] 'transfer intent,'" which he contends was eliminated by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) and Senate Bill No. 775 (2021-2022 Reg. Sess.). (Initial capitalization omitted.) Muhammad otherwise acknowledges that he "was found to be an actual shooter" but contends that there was not sufficient evidence to support that finding. Muhammad claims that throughout the trial he "was the one made out to be [the] aider [and] abettor [and] the one that acted vicariously to [his codefendant's] actions."

Because this is an appeal from a postjudgment order, we have "no independent duty to review the record for reasonably arguable issues." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039.) Muhammad's arguments lack merit because he is categorically

3

ineligible for relief under section 1172.6. He was convicted of willful, deliberate, and premeditated first degree murder either as the perpetrator or as a direct aider and abettor, and his jury was not instructed on the natural and probable consequences doctrine, felony murder, or any other theory on which malice is imputed. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 744 [actual killer]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [direct aider and abettor].)

To the extent that Muhammad's argument is that he is entitled to relief because one of the theories on which he could have been convicted was as a direct aider and abettor and that theory was eliminated by Senate Bill 1437, Muhammad is mistaken. Senate Bill 1437 did not "eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848.)

## DISPOSITION

The order denying Muhammad's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

CODRINGTON
J.

4